UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VADIM BABYREV on behalf of WILBUR TYSON,

                            Petitioner,

                    -against-

Commissioner of the Office of Mental Health (OMH)
of the State of New York ANN MARIE T.
SULLIVAN; DR. BRIAN BELFI, the Executive
Director of the Kirby Forensic Psychiatric Center
(KFPC),

                            Respondents.

1:20-CV-3432 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

On April 30, 2020, the Court received a *pro se* petition for a writ of *habeas* corpus under 28 U.S.C. § 2241 in which Vadim Babyrev ("Vadim") seeks the release of Wilbur Tyson from the Kirby Forensic Psychiatric Center ("Kirby") on Wards Island, New York. The petition states that both Vadim and Tyson are currently held at Kirby. Vadim seeks Tyson's release because Tyson is vulnerable to being infected with the COVID-19 virus.[1]

The petition describes Vadim as a "peer" of Tyson, and states that Vadim is bringing this petition on behalf of Tyson at Tyson's request because Tyson is unable to bring the petition himself. (ECF 1, at 1.) The petition was signed, however, by Sergey Babyrev ("Sergey"). It states that Sergey typed and signed it on Vadim's behalf because Vadim is "unable to do [so] due to the arbitrary and capricious restrictions on [Vadim's] use of writing utensils." (*Id.* at 3.) Sergey

---

[1] According to the petition, in 1981, Tyson was committed to the custody of the Commissioner of the New York State Office of Mental Health pursuant to the order of a state court following Tyson's "acquittal of the offense of murder in the second degree on the grounds of mental disease or defect." (ECF 1, at 2.) Tyson "has been transferred between various institutions, but never released . . . . [He] is currently detained at [Kirby] under a [state-court] retention order." (*Id.*)

affirms in the petition that he is Vadim's "next of kin," and that he "prepared [the petition] for [Vadim] as [Vadim] dictated it to [him] over the telephone." (*Id.*) Vadim's address of record for this action is not Kirby, but Sergey's residence in Manhattan.

By order dated May 4, 2020, the Court directed the petitioner, within 30 days, to either pay the $5.00 filing fee to bring this *habeas corpus* action or submit an *in forma pauperis* ("IFP") application. (ECF 2.) The Court directed the Clerk of Court to mail copies of that order to Vadim at his address of record, and to Tyson at Kirby.

On May 21, 2020, the Court received an IFP application that was signed and filed by Sergey on behalf of Vadim. (ECF 3.) It states that Sergey is Vadim's brother and that Vadim is currently held at Kirby as a "ward of the state." (*Id.* at 2.) It also describes Vadim's financial situation. (*Id.* at 1-2.)

For the reasons discussed below, the Court denies the petition.

## DISCUSSION

A "next friend" can bring a petition for a writ of *habeas corpus* on behalf of another person who is in custody. *See* 28 U.S.C. § 2242. He "does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). But a next friend

> must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action . . . . [T]he 'next friend' must [also] be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest.

*Id.* at 163-64 (citations omitted).

2

It appears that Vadim, Sergey, or both of them, bring the petition on Tyson's behalf as a next friend. But neither of them may appear in this action in that capacity. In making this determination, the Court need not examine the reasons for Tyson's inability to bring the petition himself. That is because neither Vadim nor Sergey has shown that he is truly dedicated to Tyson's best interests and that he has a significant relationship with Tyson.

The only information that the petition and IFP application provide about Vadim is that like Tyson, he is held at Kirby, in the custody of the Commissioner of the New York State Office of Mental Health, as a "ward of the state" (ECF 2, at 2), and that Vadim was unable to prepare the petition himself because of restrictions placed on him with respect to his use of writing utensils. And the only information provided about Sergey is that he is Vadim's brother, he is not in custody, and he has prepared, signed, and filed the petition and IFP application on Vadim's behalf. Thus, regardless of whether it is Vadim, Sergey, or both of them, who is bringing the petition on Tyson's behalf, neither of them has shown that he is truly dedicated to Tyson's best interests and that he has a significant relationship with Tyson.

Accordingly, the Court denies the petition without prejudice to Tyson's bringing a petition himself or via a person who qualifies as a next friend.[2]

## CONCLUSION

Chambers will mail copies of this order to (1) Vadim Babyrev, at the Kirby Forensic Psychiatric Center, at 600 East 125th Street, Wards Island, New York 10035, (2) Wilbur Tyson, at

---

[2] The petition requests Tyson's release to his family members (ECF 1, at 2), which suggests that there are others who may qualify to bring a future *habeas corpus* petition on Tyson's behalf as a next friend. The petition alternatively requests Tyson's release to Vadim and Sergey's family, who "will gladly provide [him] with a place to live and whatever else he might need." (*Id.*) While such sentiments are laudable, they do not show that Vadim or Sergey is truly dedicated to Tyson's best interests and that either of them has a significant relationship with Tyson.

the Kirby Forensic Psychiatric Center, at 600 East 125th Street, Wards Island, New York 10035, and (3) Sergey Babyrev, at 234 West 114th Street, Apt. 516, New York, New York 10086.

The Court denies the petition for a writ of *habeas corpus* without prejudice to Tyson's bringing a petition on his own behalf or via a person who qualifies as a next friend. The Court also denies the IFP application as moot. (ECF 3.)

SO ORDERED.

Dated:   June 3, 2020
         New York, New York

_____
              Louis L. Stanton
              U.S.D.J.